UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACKIE M. WALKER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:22-cv-02049 |
| WILLIAMS & FUDGE, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, JACKIE M. WALKER ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of WILLIAMS & FUDGE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

1

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Macon County, Illinois, which is located within the Central District of Illinois.

5. Defendant "aids organizations, colleges, and universities in the recovery of past due and education-related receivables."[1] Defendant is a third-party debt collector organized under the laws of the state of South Carolina, with its principal place of business located at 300 Chatham Avenue, Rock Hill, South Carolina 29730. Defendant regularly engages in collection activities upon consumers residing within the state of Illinois, and maintains its registered agent at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding student loan that Plaintiff allegedly defaulted upon ("subject debt").

8. Plaintiff suffers from a variety of medical and physical ailments, and has been deemed disabled.

9. As a result, Plaintiff has been rendered unable to work, which has inherently caused many of Plaintiff's financial obligations to go into default, including the subject debt.

10. After the subject debt was purportedly in default, it was ultimately transferred and/or assigned to Defendant for collection purposes.

---

[1] https://www.wfcorp.com/about/who-is-williams-and-fudge/

11. During the fall of 2021, Plaintiff began receiving systematic calls to her cellular phone, (217) XXX-9501, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9501. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has called Plaintiff mainly using the phone number (314) 887-5510, but upon belief, Defendant may have used other numbers as well.

14. Upon information and belief, the aforementioned phone number ending in -5510 is regularly utilized by Defendant during its debt collection activities.

15. When Plaintiff initially spoke with Defendant, she explained that she was dealing with physical and financial hardship as a result of her disabilities.

16. Yet, Defendant's phone calls ensued, which prompted Plaintiff to demand that Defendant stop calling her.

17. One of these conversations occurred in December 2021.

18. In spite of Plaintiff's explicit demands, Defendant persisted with its collection campaign, so Plaintiff has answered subsequent calls and reiterated her demands that Defendant cease contacting her.

19. In defiance of Plaintiff's requests, Defendant's onslaught of calls has continued through the filing of this action.

20. Seeing no end to Defendant's conduct, Plaintiff was forced to proceed with this action and has incurred reasonable attorneys' fees incurred in prosecuting this action.

21. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, loss of sleep, exacerbation of her medical and physical symptoms, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, and diminished cellular phone functionality.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been an active member of the Association of Credit and Collection Professionals ("ACA") since 1987.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

---

[2] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7BFF5D31E0-4442-EC11-8C62-000D3A5B843C%7D

### i. Violations of FDCPA §1692c and §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff to stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her requests that it cease doing so was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff explicitly notified Defendant to stop calling, Defendant continued to place systematic and automated collection calls to Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment.

Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### iii.   Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JACKIE M. WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 24th day of February, 2022.	Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Jackie M. Walker*